1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Hollywood, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  *Attorneys for Plaintiffs*
   *Burberry Limited (UK) and Burberry Limited (US)*
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                      CV12-02389 GAF (CWx)

11 BURBERRY LIMITED, a United           ) CASE NO. CV
   Kingdom Corporation; BURBERRY        )
12 LIMITED, a New York Corporation,     ) **COMPLAINT FOR DAMAGES:**
                                         )
13              Plaintiffs,             ) **1. FEDERAL TRADEMARK**
                                         )    **COUNTERFEITING;**
14        v.                            )
                                         ) **2. FALSE DESIGNATIONS OF**
15 IKHLAS SALIM, an individual dba EL   )    **ORIGIN AND FALSE**
   SOCALO; AHMAD SALIM, an              )    **DESCRIPTIONS;**
16 individual; and DOES 1-10, inclusive,)
                                         ) **3. FEDERAL TRADEMARK**
17                                       )    **DILUTION;**
                Defendants.             )
18                                       ) **4. TRADEMARK DILUTION**
                                         )    **UNDER CALIFORNIA LAW;**
19                                       )
                                         ) **5. COMMON LAW UNFAIR**
20                                       )    **COMPETITION**
                                         )
21                                       )
                                         ) **JURY TRIAL DEMANDED**
22                                       )

23     Plaintiffs Burberry Limited, a United Kingdom corporation ("Burberry Limited

24 (UK)") and Burberry Limited, a New York corporation ("Burberry Limited (US)") for

25 their claims against Defendants Ikhlas Salim dba El Socalo and Ahmad Salim dba El

26 Socalo respectfully allege as follows:

27

28

**JURISDICTION AND VENUE**

1.      Plaintiffs file this action against Defendants for trademark counterfeiting, trademark infringement, unfair competition, trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition and trademark dilution under the statutory and common law of the state of California.  This Court has subject matter jurisdiction over the Federal trademark infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2.      This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367, since those claims are related to and arise from the same set of facts as Plaintiffs' trademark infringement claims.

3.      This Court has personal jurisdiction over Defendants because Defendants are domiciled and do business in the state of California.

4.      This action arises out of wrongful acts by Defendants within this judicial district.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

**THE PARTIES**

5.      Plaintiff Burberry Limited (UK) is a corporation duly organized and existing under the laws of the United Kingdom with a principal place of business at Horseferry House, Horseferry Road, London, SW1P 2AW, United Kingdom.  Plaintiff Burberry Limited (US) is a corporation duly organized under the laws of the state of New York with a principal place of business at 444 Madison Avenue, New York, New York 10022.  Plaintiffs Burberry Limited (UK) and Burberry Limited (US) will hereinafter be collectively referred to as "Burberry."

6.      Upon information and belief, Defendant Ikhlas Salim is an individual domiciled in this judicial district and residing at 6300 Otis Avenue, Bell, California 90020.

7.     Upon information and belief, Defendant Ahmad Salim is an individual domiciled in this judicial district and residing at 6300 Otis Avenue, Bell, California 90020.

8.     Upon information and belief, Defendants operate a business under the name of El Socalo, located at 201 East Pico Boulevard, Los Angeles, California 90015.

9.     Plaintiffs are unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sue them by their fictitious names.  Plaintiffs will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiffs are informed and believe, and based thereon allege, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.     Plaintiffs are informed and believe, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiffs further allege that Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.     Burberry and its Famous Trademarks

11.     Burberry is an internationally recognized luxury brand involved in the design, manufacture, advertising, distribution, and sale of high-quality apparel, handbags, scarves, luggage, and other accessories.

12.     Burberry's corporate heritage is rooted in Hampshire, United Kingdom, where its predecessor in interest, Mr. Thomas Burberry, first opened an outfitters shop

in 1856.  Burberry and its predecessors have used the Burberry name since that time, and BURBERRY® has been a registered trademark on the Principal Register of the United States Patent and Trademark Office ("USPTO") since August 1929.

13.    The Burberry Check Trademark was introduced by Mr. Burberry's company in the 1920's and has been used on various products over the years, including for example, clothing, handbags, umbrellas, luggage, and other accessories.  The Burberry Check Trademark is not only registered in a distinctive red, camel, black and white check color combination, but also for no color designation.

14.    The Burberry Check Trademark has been continuously used in both the original colors and other color combinations for over three-quarters of a century.

15.    The Burberry Equestrian Knight Trademark, introduced in 1901, has been used on numerous products since its introduction.  The Burberry Equestrian Knight Trademark is a prominent design mark featured throughout Burberry's business.

16.    Burberry's trademarks (collectively "Burberry Trademarks") include but are not limited to the following:

| Trademark | U.S. Reg. Nos. |
|---|---|
| **BURBERRY** | 1,133,122 |
| | 260,843 |
| | 259,571 |
| | 1,607,316 |
| | 1,828,277 |
| | 2,629,931 |
| | 2,875,336 |
| | 2,624,684 |
| | 2,629,684 |
| | 1,747,765 |
| | 3,898,440 |
| | 3,879,249 |
| | 510,077 |

| Trademark | U.S. Reg. Nos. |
|---|---|
|  Burberry Check Trademark | 1,241,222 2,022,789 1,855,154 2,015,462 2,689,921 2,845,852 3,529,814 |
|  Burberry Check Trademark (no color designation) | 2,612,272 2,732,617 2,728,709 |
|  Equestrian Knight Design Trademark | 862,816 863,179 1,622,186 2,952,399 2,512,119 3,766,097 1,903,508 |

17.    Trademark registrations for the Burberry Trademarks are in full force and effect and many have become incontestable pursuant to 15 U.S.C. § 1065.

18.    Burberry is responsible for designing and/or licensing, assembling, finishing, marketing and selling in interstate commerce high quality clothes, footwear, scarves, luggage, watches, eyeglasses, sunglasses, jewelry, handbags, and many other products displaying the Burberry Trademarks.

19.    In an effort to promote the Burberry Trademarks and to establish goodwill therein, Burberry has advertised and distributed products displaying its trademarks throughout the United States.

20.    As of December 31, 2011, Burberry merchandise is sold in 189 retail stores, 208 concessions, 46 outlets, and 56 franchise stores, with e-commerce in over 25 countries.  In the United States, Burberry products are sold in 82 Burberry operated retail and outlet stores, online at www.burberry.com, and at well-known department stores such as Saks Fifth Avenue, Neiman Marcus and Nordstrom.

21.    The Burberry Trademarks have been used by Plaintiffs on, and in connection with, the advertising and sale of Burberry's products, including, but not limited to, apparel, such as scarves, shirts, jackets, luggage, handbags, and other items, in interstate and intrastate commerce, including commerce in the state of California, and in this judicial district.

22.    As a result of Burberry's advertising and promotional efforts and its continuous use of the Burberry Trademarks over the years, these trademarks have become a symbol of Burberry.  Burberry has attained one of the highest levels of recognition among luxury brands in the United States and the Burberry Trademarks have acquired secondary meaning and have come to be known as source identifiers for authentic Burberry products.

**B.    Defendants' Counterfeiting Activities**

23.    Long after Burberry's adoption, use and federal registration of the Burberry Trademarks, Defendants began to offer for sale and/or sell merchandise bearing counterfeit reproductions of the Burberry Trademarks.

24.    Upon information and belief, Defendants Ikhlas Salim and Ahmad Salim operate a retail store under the name "El Socalo" at 201 East Pico Boulevard, Los Angeles, California 90015.

25.    In or around August 2011, investigators representing Burberry discovered Defendants were offering for sale and selling counterfeit Burberry branded

merchandise at El Socalo during their investigations of the location. Merchandise bearing counterfeit marks of other luxury brands had been discovered for sale at El Socalo on prior occasions.

26.    On November 17, 2011, law enforcement served a search warrant at El Socalo and seized a large amount of counterfeit merchandise bearing the trademarks of various luxury brands, including those of Burberry. Over 500 units of counterfeit Burberry merchandise, including button-up shirts, jeans, polo shirts, and t-shirts were recovered by law enforcement.

27.    Defendant Ahmad Salim was present at the seizure and arrested for the sale of counterfeit merchandise. Defendant Ikhlas Salim was identified as the owner of El Socalo, but was not present at the seizure.

28.    Upon information and belief, Defendant Ikhlas Salim, as owner of El Socalo, authorized, directed, and/or actively participated in the counterfeiting activities of El Socalo.

29.    Defendants are not authorized by Burberry to manufacture, sell or offer for sale products bearing any of the Burberry Trademarks. Moreover, Defendants are not licensees of Burberry or in any other manner licensed to import, sell, distribute, or manufacture any merchandise bearing the Burberry Trademarks.

30.    Upon information and belief, Defendants' offering for sale and sale of counterfeit Burberry merchandise is willful and/or in reckless disregard of Burberry's rights to its marks.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Counterfeiting – 15 U.S.C. § 1114)

31.    Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

32.    Defendants have willfully used numerous designations that are counterfeits of the registered Burberry Trademarks on goods for which Plaintiffs hold federal trademark registrations.

33.    Burberry has not authorized Defendants' use of any of the Burberry Trademarks to advertise, offer for sale, sell and/or distribute Defendants' counterfeit products.

34.    Defendants' unauthorized use of the Burberry Trademarks in connection with the sale of counterfeit goods constitutes Defendants' use of Plaintiff's trademarks in commerce.

35.    Defendants' unauthorized use of the Burberry Trademarks is likely to cause confusion, mistake or deception and is likely to cause the public to believe that Plaintiffs have produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiffs.

36.    Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Burberry and reap the benefit of Burberry's goodwill associated with the Burberry Trademarks.

37.    As a direct and proximate result of Defendants' willful and unlawful conduct, Burberry has been injured and will continue to suffer injury to their businesses and reputations unless Defendants are restrained by this Court from infringing Plaintiffs' trademarks. Defendants' acts have damaged and will continue to damage Plaintiffs, and Plaintiffs have no adequate remedy at law.

38.    Accordingly, Defendants have engaged in trademark counterfeiting in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), and are liable to Burberry for all damages related thereto, including, but not limited to actual damages, profits and/or statutory damages, as well as attorney's fees.

39.    In light of the foregoing, Burberry is entitled to injunctive relief and to recover from Defendants all damages, including attorneys' fees, that Burberry has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as

1  well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and

2  treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to

3  15 U.S.C § 1117(c).

4    40.    Defendants' egregious conduct in repeatedly selling counterfeit

5  merchandise bearing unauthorized copies of the Burberry Trademarks is willful and

6  intentional, and thus this constitutes an exceptional case.

7    **SECOND CLAIM FOR RELIEF**

8    **(False Designation of Origin and False Designations – 15 U.S.C. §1125(a))**

9    41.    Burberry incorporates herein by reference the averments of the preceding

10  paragraphs as though fully set forth herein.

11    42.    Defendants' unauthorized use of the Burberry Trademarks on counterfeit

12  merchandise in interstate commerce and advertising relating to same constitutes false

13  designation of origin and a false representation that the goods are manufactured,

14  offered, sponsored, authorized, licensed by or otherwise connected with Burberry or

15  come from Burberry when in fact they do not.

16    43.    Defendants' use of the Burberry Trademarks is without Burberry's

17  permission or authority and in total disregard of Burberry's rights.

18    44.    Defendants' activities are likely to lead to and result in confusion, mistake

19  or deception, and are likely to cause the public to believe that Burberry has produced,

20  sponsored, authorized, licensed or is otherwise connected or affiliated with

21  Defendants' commercial and business activities, all to the detriment of Plaintiffs.

22    45.    Burberry has no adequate remedy at law.

23    46.    In light of the foregoing, Burberry is entitled to injunctive relief

24  prohibiting Defendants from using the Burberry Trademarks, or any trademarks

25  identical and/or confusingly similar thereto, and to recover all damages, including

26  attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and

27  advantages obtained by Defendants as a result of their infringing acts alleged above in

28  an amount not yet known, and the costs of this action.

1    47.    Defendants' egregious conduct in repeatedly selling infringing
2    merchandise is willful and intentional.

3    **THIRD CLAIM FOR RELIEF**

4    **(Federal Trademark Dilution – 15 U.S.C. § 1125(c))**

5    48.    Burberry incorporates herein by reference the averments of the preceding
6    paragraphs as though fully set forth herein.

7    49.    Burberry Limited (UK) is the exclusive owner of the Burberry
8    Trademarks.

9    50.    The Burberry Trademarks are famous and distinctive within the meaning
10   of Section 43(c) of the Lanham Act.

11   51.    The Burberry Trademarks are all inherently distinctive marks that have
12   been in use for many years and play a prominent role in Burberry's marketing,
13   advertising, and the popularity of its products.

14   52.    The Burberry Trademarks were famous long before Defendants began
15   using unauthorized reproductions, counterfeits, copies, and colorable imitations of the
16   Burberry Trademarks on counterfeit merchandise.

17   53.    Defendants have used in commerce in connection with the sale of their
18   products counterfeit reproductions and/or marks confusingly similar to the Burberry
19   Trademarks.

20   54.    Consumers are likely to purchase Defendants' counterfeit products in the
21   erroneous belief that Defendants are affiliated, connected or associated with Burberry
22   or that Burberry is the source of the counterfeit products.

23   55.    Defendants' acts described above have diluted and continue to dilute
24   Burberry's unique and distinctive trademarks.  Defendants' unlawful use of the
25   Burberry Trademarks in connection with inferior, counterfeit goods is also likely to
26   tarnish the Burberry Trademarks and cause blurring in the minds of consumers
27   between Burberry and Defendants, thereby lessening the value of the Burberry
28   Trademarks as unique identifiers of Burberry's products.

56.     These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiffs in an amount to be determined at trial, as well as irreparable injury to Burberry's goodwill and reputation associated with the value of the Burberry Trademarks.

57.     Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Burberry's reputation and to dilute the Burberry Trademarks.  Defendants' conduct is willful, wanton and egregious.

58.     Defendants' acts have caused and will continue to cause irreparable injury to Burberry.  Burberry has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

59.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the Burberry Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Trademark Dilution in Violation of Cal. & Bus. Prof. Code)

60.     Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

61.     The Burberry Trademarks are famous and distinctive in the state of California by virtue of their substantial inherent and acquired distinctiveness, extensive use and extensive advertising and wide spread publicity in the state of California.

62.     The actions of Defendants complained of herein are likely to injure the business reputation and dilute the distinctive quality of the famous Burberry Trademarks.

COMPLAINT FOR DAMAGES

63.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

64.     By reason of the foregoing, Burberry is being damaged by Defendants' unauthorized and illegal use of the Burberry Trademarks in the manner set forth above and will continue to be damaged unless Defendants are immediately enjoined under the California Business and Professions Code from using any of the Burberry Trademarks.

65.     Burberry will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

66.     Burberry has no adequate remedy at law.

67.     In light of the foregoing, Burberry is entitled to injunctive relief prohibiting Defendants from using the Burberry Trademarks, or any marks identical and/or confusingly similar thereto, for any purpose, destruction of the counterfeit Burberry merchandise, and to recover up to three times their profits from, and up to three times all damages suffered by reason of, Defendants' wrongful manufacture, use, display, or sale of infringing Burberry products.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

68.     Burberry incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

69.     Burberry owns and enjoys common law trademark rights in California and throughout the United States.

70.     Defendants' unlawful acts in appropriating rights in Burberry's common law trademarks were intended to capitalize on Burberry's goodwill for Defendants' own pecuniary gain.  Burberry has expended substantial time, resources and effort to

obtain an excellent reputation for itself and the Burberry Trademarks.  As a result of Burberry's efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiffs.

71.    Defendants' unauthorized use of Plaintiffs' Burberry Trademarks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiffs.

72.    Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiffs.

73.    Defendants' acts constitute unfair competition under California common law.

74.    Burberry has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

75.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiffs in reckless disregard of Plaintiffs' rights.  Said conduct was despicable and harmful to Plaintiffs and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

76.    Plaintiffs have no adequate remedy at law.

77.    In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' Burberry Trademarks, or marks identical and/or confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiffs have sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants on all claims, as follows:

1      1.     For entry of an ORDER granting temporary, preliminary and permanent

2  injunctive relief restraining and enjoining Defendants, their officers, agents,

3  employees, and attorneys, and all those persons or entities in active concert or

4  participation with them from:

5           (a)    manufacturing, importing, advertising, marketing, promoting,

6  supplying, distributing, offering for sale, or selling any products which bear the

7  Burberry Trademarks, or any other marks confusingly similar thereto;

8           (b)    engaging in any other activity constituting unfair competition with

9  Burberry, or acts and practices that deceive consumers, the public, and/or trade,

10  including without limitation, the use of designations and design elements associated

11  with Burberry;

12          (c)    engaging in any other activity that will dilute the distinctiveness of

13  the Burberry Trademarks;

14          (d)    committing any other act which falsely represents or which has the

15  effect of falsely representing that the goods and services of Defendants are licensed by,

16  authorized by, offered by, produced by, sponsored by, or in any other way associated

17  with Plaintiffs;

18      2.     For entry of an ORDER directing that Defendants deliver up to Burberry

19  for destruction or other disposition all remaining inventory of all unauthorized

20  products, including all advertisements, promotional and marketing materials therefore,

21  as well as means of making same in their possession or under the control bearing any

22  of the Burberry Trademarks or any simulation, reproduction, counterfeit, copy or

23  colorable imitation thereof;

24      3.     For entry of an ORDER directing Defendants to file with this Court and

25  serve on Burberry within thirty (30) days after entry of the injunction a report in

26  writing, under oath setting forth in detail the manner and form in which Defendants

27  have complied with the injunction;

28

1        4.    For an assessment of the Damages suffered by Burberry, trebled, and an

2    award of all profits that Defendants have derived from using the Burberry Trademarks,

3    trebled, as well as costs and attorneys' fees to the full extent provided for by Section

4    35 of the Lanham Act; alternatively, that Burberry be awarded statutory damages

5    pursuant to 15 U.S.C. § 1117 of up to $2 million per trademark counterfeited and

6    infringed, per type of good, as well as attorneys' fees and costs; and awarding profits,

7    damages, and fees to the full extent available, and punitive damages to the full extent

8    available in connection with its claims under California law; and

9        5.    Such other relief as may be just and proper.

11    Dated:  March 19, 2012            BLAKELY LAW GROUP

13                             By:

14                                Brent H. Blakely

                             Cindy Chan

15                                 *Attorneys for Plaintiffs Burberry Limited (UK) and Burberry Limited (US)*

17    **<u>DEMAND FOR JURY TRIAL</u>**

18        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby

19    demand a trial by jury as to all claims in this litigation.

21    Dated:  March 19, 2012            BLAKELY LAW GROUP

23                             By:

24                                Brent H. Blakely

                             Cindy Chan

25                                 *Attorneys for Plaintiffs Burberry Limited (UK) and Burberry Limited (US)*

**COMPLAINT FOR DAMAGES**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BURBERRY LIMITED, a United Kingdom Corporation; BURBERRY LIMITED, a New York Corporation,

**DEFENDANTS**
IKHLAS SALIM, an individual dba EL SOCALO; AHMAD SALIM, an individual; and DOES 1-10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BLAKELY LAW GROUP
915 North Citrus Avenue, Hollywood, California 90038
Telephone: (323) 464-7400

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT: $** 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement under Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-02389

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Burberry Limited - United Kingdom<br>Burberry Limited - New York |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All Defendants - Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| All claims - Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 03/19/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV12- 2389 GAF (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BURBERRY LIMITED, a United Kingdom Corporation; BURBERRY LIMITED, a New York Corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> IKHLAS SALIM, an individual dba EL SOCALO; AHMAD SALIM, an individual; and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV12-02389 bAF (CWX) <br><br><br> **SUMMONS** |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _BLAKELY LAW GROUP_____, whose address is _915 North Citrus Avenue, Hollywood, California 90038_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

MAR 2 0 2012                              Clerk, U.S. District Court

Dated: _____           By: _____
                                                       Deputy Clerk

                                                   *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*